## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WAYNE SANFORD,<br><br>Defendant. | Case No. 1:19-cr-00261-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant David Wayne Sanford's Motion to Reduce Sentence (Dkt. 78) seeking compassionate release pursuant to 18 U.S.C. § 3582(c). The Government has filed a response opposing the Motion. Dkt. 83. After considering the briefing and record, the Court will deny the Motion without prejudice for the reasons set forth below.

### BACKGROUND

Mr. Sanford pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and on December 9, 2020, the Court

**MEMORANDUM DECISION AND ORDER - 1**

imposed a sentence of imprisonment of 44 months to be followed by four years of supervised release with a self-surrender date after March 1, 2021. Dkt. 47. He is incarcerated at FCI Sheridan with a projected release date of April 10, 2023. *See* https://www.bop.gov/inmateloc.

At the time of sentencing, the Court was made aware of Mr. Sanford's various health conditions and family concerns. On July 12, 2001, he filed his first Motion for Compassionate Release which the Court denied on January 6, 2022. Dkts. 69; 77. On April 7, 2022, Mr. Sanford filed the pending Motion for Compassionate Release based mostly on the same pre-existing medical conditions and alleging that he is not being properly cared for and is now suffering from an additional condition – a testicular hernia. Dkt. 78.

The Government opposes the Motion on the grounds that Mr. Sanford has failed to exhaust his administrative remedies, failed to show extraordinary and compelling reasons to warrant a sentence reduction, and because a reduction would be inconsistent with the § 3553(a) factors addressed by the Court in its Memorandum Decision and Order denying Mr. Sanford's prior motion. The Court need only address the Government's first ground.

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter,

determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A defendant must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility, whichever is earlier." *Id*.

"[A] district court must enforce the administrative exhaustion requirement . . . when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). *See also United States v. Alam*, 960 F. 3d 831, 833; 835 (6th Cir. 2020) (affirming dismissal of motion for compassionate release without prejudice where government timely objected to failure to exhaust); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding remand to the district court to consider compassionate release request was futile given the defendant's failure to exhaust and the "glaring roadblock" that the exhaustion requirement presents).

## ANALYSIS

When filing his first compassionate release motion, Mr. Sanford clearly understood, complied with, and pled the exhaustion requirement contained in § 3582(c)(1)(A) thus allowing the Court to consider the merits of his motion. Here, Mr. Sanford did not plead or provide evidence of compliance with the exhaustion

requirement even in his Reply after the Government raised the issue in its Response. Given the Government's timely assertion of the failure to exhaust, the Court cannot consider Mr. Sanford's pending Motion.

## CONCLUSION

Although the Court is precluded from considering Mr. Sanford's Motion at this time, he is not precluded from filing another after he has requested the Bureau of Prisons to move for compassionate release on his behalf and has either fully exhausted all administrative rights to appeal the failure of the BOP to do so, or thirty days have elapsed since the warden of his facility received his compassionate release request.

## ORDER

**IT IS ORDERED that** David Wayne Sanford's Motion for Release from Custody (Dkt. 78) is **DENIED WITHOUT PREJUDICE**.

DATED: August 10, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4