UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WAYNE SANFORD,<br><br>Defendant. | Case No. 1:19-cr-00261-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant David Wayne Sanford's Motion to Reduce Sentence (Dkt. 86). He seeks compassionate release pursuant to 18. U.S.C. § 3582(c). The government opposes the motion. Dkt. 88. For the reasons discussed below, the Court will deny Mr. Sanford's motion.

# BACKGROUND

Mr. Sanford pled guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On December 9, 2020, the Court imposed a sentence of imprisonment of 44 months to be followed by four years of supervised release with a self-surrender date after March 1, 2021. Dkt. 47. He is incarcerated at Seattle RRM with a projected release date of April 10, 2023. *See* https://www.bop.gov/inmateloc (last accessed Feb. 20, 2023).

MEMORANDUM DECISION AND ORDER - 1

At the time of sentencing, the Court was made aware of Mr. Sanford's various health conditions and family concerns. In July 2021, he filed his first motion for compassionate release which the Court denied in January 2022. Dkts. 69; 77. Four months later, Mr. Sanford filed a second motion for compassionate release, which the Court denied in August. Dkts. 78; 84. Then, in January 2023, Mr. Sanford came back again. The currently pending motion for compassionate release is based mostly on the same pre-existing medical conditions and the need for a surgery for a hernia located in his abdomen. Dkt. 86. This motion further contends that his elderly parents need his caretaking. Dkt. 86. The Government opposes the motion on grounds that Mr. Sanford has failed to exhaust his administrative remedies. Dkt. 88. Exhaustion is the only issue that the Court needs to address.

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility, whichever is earlier." *Id*. If the exhaustion requirement is met, a court may grant a defendant compassionate relief only if the defendant

shows that "extraordinary and compelling reasons warrant such a reduction," and the reduction is consistent with applicable 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021). The defendant bears the burden of establishing his eligibility for compassionate release. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022) ("[I]t was Wright's burden to establish his eligibility for compassionate release. . . .").

"[A] district court must enforce the administrative exhaustion requirement . . . when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding remand to the district court to consider compassionate release request was futile given the defendant's failure to exhaust and the "glaring roadblock" that the exhaustion requirement presents).

## ANALYSIS

Mr. Sanford clearly understood, complied with, and pled the exhaustion requirement contained in § 3582(c)(1)(A) when he filed his first compassionate release motion in July 2021. However, the latest motion and the one before it have not plead or provide evidence of compliance with the exhaustion requirement. Given the Government's timely assertion of the failure to exhaust, the Court cannot consider Mr. Sanford's pending motion.

Although the Court cannot address the merits of Mr. Sanford's motion at this time, he is not precluded from filing another. For the Court to consider the merits of his claim, he must request that the Bureau of Prisons move for compassionate release on his behalf and either fully exhaust all administrative rights to appeal the failure of the BOP to do so, or wait until thirty days elapse after the warden of his facility receives his compassionate release request.

## ORDER

IT IS ORDERED that David Wayne Sanford's Motion for Release from Custody (Dkt. 86) is DENIED WITHOUT PREJUDICE.

DATED: March 7, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4